UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. BANK NATIONAL ASSOCIATION
AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST,

        Plaintiff,

v.                                          Case No. 6:19-cv-1307-ORL-40-TBS

ELIEZER TAVERAS, an individual,
and VALERIA TAVERAS, an individual,

        Defendants.
_____/

**PLAINTIFF'S DISPOSITIVE MOTION TO REMAND AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank"), by and through its undersigned counsel, hereby files *Plaintiff's Dispositive Motion to Remand and Incorporated Memorandum of Law*, and as grounds therefor states as follows:

    1.    On April 01, 2016, then Plaintiff Christina Trust as trustee of ARLP Trust 4 filed a foreclosure action in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Case No.: 2016-CA-000916 against Defendants Valeria Taveras, Eliezer Taveras, Reunion Resort & Club of Orlando Master Association, Inc., Bank of America, N.A., Unknown Tenant # 1, and Unknown Tenant # 2, seeking a judgment foreclosing a mortgage, costs and attorney's fees when applicable, and a deficiency judgment if the proceeds of the sale are insufficient to pay Plaintiff's claim.

2. On June 07, 2018, the Circuit Court entered an order granting Plaintiff's Motion to Substitute Party Plaintiff, substituting U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") as the new Plaintiff.

3. On December 21, 2018, U.S. Bank filed an Amended Complaint against the same defendants with the addition of "All Unknown Parties Claiming Interest By, Through, Under or Against a Named Defendant to This Action, or Having or Claiming to Have Any Right, Title or Interest in the Property Herein Described," and adding Count II for equitable subrogation.

4. On July 17, 2019, over three years after Defendants were served with the initial complaint and six months after Defendants were served with the amended complaint, Defendants filed a Notice of Removal, bringing the case to this Court, and asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1331, and arguing that "mortgage loans are governed by federal laws."

5. Defendants' Notice of Removal is untimely as (1) it was not served within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, as required by 28 U.S.C. § 1446(b)(1), and (2) it was not served within 30 days of the last served defendant receiving a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable as required by 28 U.S.C. § 1446(b)(3).

WHEREFORE, the Plaintiff, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, respectfully prays the Court:

1. Remand this case back to the Ninth Judicial Circuit in and for Osceola County, Florida;

2. Award U.S. Bank's reasonable attorney's fees and costs incurred in conjunction with preparing this Motion to Remand; and

3. Grant any other and further relief this Court deems just and proper.

## MEMORANDUM OF LAW

A defendant may remove a case from state court pursuant to 28 U.S.C. § 1446 if a basis exists for the federal court to exercise subject matter jurisdiction. *CitiMortgage, Inc. v. Ringer, Trustee of H. Ringer Enterprises Land Trust*, 2014 WL 12872641 (M.D. Fla. 2014) Generally, a notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and it is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(1).

If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). However, a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 (diversity jurisdiction) more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1).

Importantly, statutes authorizing removal of actions to federal courts are to be strictly construed against removal. *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319 (M.D. Fla. 2003). Further, an untimely notice of removal requires remand to the state court. *CitiMortgage*, 2014 WL 12872641 (M.D. Fla. 2014). *See also Raytheon SI Government Solutions, Inc. v. Carrol*, 2011 WL 13299638 (M.D. Fla. 2011) ("The 30 day time limit of §1446(B) is a strictly applied rule of

procedure that may not be extended by the court. Thus, an action should be remanded if the defendant filed an untimely notice of removal."). (Internal citations and quotations removed).

Defendants' Notice of Removal is clearly untimely, and as such, this action must be remanded to State Court. This action commenced on April 01, 2016. Pursuant to rule 28 U.S.C. § 1446(b)(1) a notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. This Notice of Removal is untimely as it was filed over three years after the initial complaint was filed.

Further, even assuming *arguendo* that the amended complaint somehow made this case removable, the Notice of Removal is still untimely as it was filed over six (6) months after the amended complaint was filed. The amended complaint was filed on December 21, 2018. Pursuant to 28 U.S.C. § 1446(b)(3) if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. The Amended Complaint did not make the case removable. However, assuming arguendo that it did, the Notice of Removal would have had to have been filed within 30 days of December 21, 2018 in order to be timely. Therefore, the Notice of Removal that was filed over six (6) months after the amended complaint was filed is untimely.

Defendants argue that the Notice of Removal is timely, pursuant to the later served defendant rule, because "two indispensable parties to the foreclosure action have not been served in the action." See *Notice of Removal of Action Under 28 U.S.C. § 1332(a); 28 U.S.C. § 1331; 28 U.S. Code § 1446(c) By Defendants Eliezer Taveras and Valeria Taveras* ¶ 26. However,

Defendants grossly misstate the law. The later served defendant rule applies in a situation where there are multiple defendants to a single lawsuit who were served at different times. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008). Under this rule, which was adopted by the 11th Circuit in the above cited case, the 30 day window to seek removal begins to run upon the last served defendant being served. *Id.*

In this case, Defendants argue that there are two indisputable parties who have not been served, thus Defendants' Notice of Removal is timely. While Defendants' attempt to create "later served defendants" by labeling non-defendants as "indispensable parties of the foregoing action" is creative, it does meet the requirements of the later served defendant rule, and thus, does not make this untimely Notice of Removal timely. To be clear, the two "indispensable parties" are not defendants of this lawsuit and, as such, have not been served as defendants in this lawsuit. Therefore, Defendants' argument that they are "later served defendants" is invalid.

Lastly, an order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal. 28 U.S.C. 1447(c). "In the Middle District of Florida, whether to award fees and costs under 28 U.S.C. § 1447(c) is within the Court's sole discretion." *Deutsche Bank National Trust Company v. Kessous*, 2016 WL 9234138 (M.D. Fla. 2016) (*Internal quotations and citations omitted*). Further, "[p]ursuant to § 1447(c), a court may award fees only where the removing party lacked an objectively reasonable basis for seeking removal. . . . The purpose of the reasonableness standard is to balance the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." (*Internal quotations and citations omitted*).

U.S. Bank requests an award of attorney's fees and costs as Defendants' Removal is Defendants' latest action to purposely prolong the state court action and impose costs on U.S. Bank. For over three years Defendants have filed multiple frivolous and repetitive cross claims and counter claims, and by doing so, have successfully prolonged the state court case, imposing needless costs on the opposing party. Defendants' decision to arbitrarily attempt to remove the case after over three years of litigating the case is clearly another such attempt. As such, the Court should use its discretion to award fees.

WHEREFORE, U.S. Bank respectfully prays the Court grant this Motion, and (1) remand this case back to the Ninth Judicial Circuit in and for Osceola County, Florida; and (2) award U.S. Bank's reasonable attorney's fees and costs incurred in conjunction with preparing this Motion to Remand; and (3) for any other and further relief this Court deems just and proper.

### Middle District of Florida Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), the undersigned hereby certifies that he conferred in good faith with Defendant Eliezer Taveras and that Eliezer Taveras opposes the relief requested herein.

Respectfully submitted this 23rd day of July, 2019.

Shawn G. Rader
Florida Bar No. 303054
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
215 North Eola Drive
Post Office Box 2809
Orlando, Florida 32802
(407) 843-4600
(407) 843-4444 [Fax]
Attorneys for Plaintiff
shawn.rader@lowndes-law.com
lit.control@lowndes-law.com
susie.whitaker@lowndes-law.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of July, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically provide a copy to: Eliezer Taveras and Valeria Taveras, 15465 SW 19 Way, Miami, FL 33185; Ariel Acevedo, Esquire, 44 West Flagler Street, Courthouse Tower-25th Floor, Miami, Florida 33130, service@lgplaw.com; Greg H. Rosenthal, Esquire, SHD Legal Group, P.A., 499 NW 70th Ave., Suite 309, Ft. Lauderdale, FL 33317, answers@shdlegalgroup.com; Patrick Hennessey, Esquire, Greenspoon, Marden, LLP, Trade Centre South, Suite 700, 100 West Cypress Creek Rd, Ft. Lauderdale, FL 33309, Patrick.hennessey@gmlaw.com, gmforeclosure@gmlaw.com.

_____
Shawn G. Rader       by RSD

0029078\182716\9054232v1